IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HANOVER INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BINNACLE DEVELOPMENT, LLC F/K/A BINNACLE DEVELOPMENT and CONSTRUCTION, LLC; LONE TRAIL DEVELOPMENT, LLC; and SSLT, LLC, | § § § § § § | CIVIL ACTION NO. 3:19-CV-00111 |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, The Hanover Insurance Company (the "Surety"), hereby complains of Defendants, Binnacle Development, LLC f/k/a Binnacle Development and Construction, LLC; Lone Trail Development, LLC; and SSLT, LLC (collectively, the "Obligees"), and respectfully states as follows:

**I.
PARTIES**

1. The Surety is a Delaware corporation with its principal place of business in Worcester, Massachusetts. The Surety is authorized to conduct business in the State of Texas.

2. Binnacle Development, LLC f/k/a Binnacle Development and Construction, LLC ("Binnacle") is a Texas limited liability company with its principal place of business in Dickinson, Texas and may be served with process through its registered agent, Jerry LeBlanc at 11529 Wincrest, Dickinson, Texas 77539 or wherever he may be found. Jerry LeBlanc is the sole member of Binnacle, and Mr. LeBlanc is domiciled in Texas.

3. Lone Trail Village Development, LLC ("Lone Trail") is a Texas limited liability company with its principal place of business in Dickinson, Texas and may be served with process

through its registered agent, Binnacle c/o Jerry LeBlanc 11529 Wincrest, Dickinson, Texas 77539, or wherever he may be found. Binnacle is the sole member of Lone Trail, and noted above, is domiciled in Texas.

4.  SSLT, LLC ("SSLT") is a Texas limited liability company with its principal place of business in Houston, Texas, and may be served with process through its registered agent, Joseph Swinbank, at 1041 Conrad Sauer, Houston, Texas 77043 or wherever he may be found. SSLT is comprised of a single member: Poarch Family Limited Partnership, which is a Texas limited partnership, whose general partners are Cynthia Poarch, Inc. and Donald L Poarch, Inc., both Texas corporations. Lone Trail, a Texas domiciliary, is also a manager of SSLT.

## II.
## JURISDICTION

5.  The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.
## VENUE

6.  Venue is proper in this district under 28. U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the Surety's claim occurred in this district.

## IV.
## FACTUAL BACKGROUND

**A.  The Surety Bonded Construction Projects Owned by the Obligees**

7.  The Obligees and R. Hassell Properties, Inc. ("Hassell") entered into contracts (the "Contracts") for the following construction projects:

- [Binnacle] – Construction of Paving to Serve Heron's Landing, Section 2 for Galveston County MUD No. 31 (the "Heron's Landing Project")

- [Lone Trail] – Construction of Paving for the Lone Trail Village, Section 3 for Galveston County MUD No. 31 (the "Lone Trail Project")
- [SSLT] – Construction of Paving for Marlow Lake, Section 1 for Galveston County MUD No. 31 (the "Marlow Lake Project")

(collectively, the "Projects").

8.　　In connection with the Projects, the Surety issued performance, payment, and maintenance bonds in favor of the Obligees as follows:

- [Binnacle] – Payment, Performance and Maintenance Bond No. 1068648 on behalf of Hassell in favor of Binnacle with a penal sum of $298,536.30 on the Heron's Landing Project (the "Heron's Landing Bonds")

- [Lone Trail] – Payment, Performance and Maintenance Bond no. 1055162 on behalf of Hassell in favor of Lone Trail with a penal sum of $179,148.05 on the Lone Trail Project (the "Lone Trail Bonds")

- [SSLT] – Payment, Performance and Maintenance Bonds no. 1055160 on behalf of Hassell in favor of SSLT with a penal sum of $1,038,369.15 on the Marlow Project (the "Marlow Bonds")

(collectively, the "Bonds"). True and correct copies of the Bonds are attached hereto as Exhibit A and incorporated herein by reference in their entirety.

### B.　　The Surety was Assigned the Rights of the Contracts

9.　　The Surety required indemnity prior to executing any bond. This indemnity requirement was met by a *General Agreement of Indemnity* executed by Hassell (as well as other corporate and individual indemnitors) on June 16, 2015 (the "Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit B and fully incorporated by reference herein.

10.　　Paragraph 5 of the Indemnity Agreement provides:

[T]he Indemnitors hereby assign, transfer, convey and set over to the Surety: . . . b) all right, title and interest of the Indemnitors in and to any and all contracts including all rights in and to all subcontracts or purchase orders let or to be let in connection there with; and c) all monies retained, do, or do in the future on account

of any contract, whether bonded or unbonded, in which any or all the Indemnitors have an interest . . . .

11. The Indemnity Agreement goes on to state that "the assignment shall be effective as of the execution dates of any bonds, but only enforceable upon the occurrence of one or more of the events [of default] described in paragraph 6. . . ."

12. The Indemnity Agreement provides for several situations that constitute a "Default," including a declaration of default by any obligee, as well as the failure of Hassell to prosecute any contract, which includes failure to perform work or pay subcontractors.

13. In July 2018, Hassell notified the Surety that it was ceasing its business operations.

14. Upon information and belief, in and around July 2018, Hassell also notified owners of various projects – including the Obligees – that it was no longer going to operate its business.

15. Owners of various projects – including the Obligees – also became aware that Hassell was not going to operate its business once Hassell (and/or its subcontractors) stopped working on construction projects, including the Projects.

16. The failure of Hassell to complete the Contracts constitutes an event of Default under the Indemnity Agreement.

17. The abandonment of the Projects by Hassell constitutes an event of Default under the Indemnity Agreement.

18. Additionally, to date, the Surety has paid in excess of $437,000 relating to claims asserted against the Bonds, which also constitutes an event of Default by Hassell under the Indemnity Agreement.

19. Moreover, the Obligees have a basis in the Contracts for declaring a Default by Hassell and/or have already declared a Default of Hassell under the Contracts as of the date of this filing, which likewise constitutes an event of Default under the Indemnity Agreement.

20. Based on the events of Default under the Indemnity Agreement, the Surety has an assignment of the rights and interests of Hassell to the remaining balances due under the Contracts.

C. **The Obligees Were Notified of the Surety's Right to the Contract Balances**

21. On July 18, 2018, the Surety sent letters to the Obligees notifying them that the Surety was in receipt of claims against Bonds issued on behalf of Hassell and the potential for losses. The Surety likewise notified the Obligees of its equitable subrogation rights, as well as its rights of assignment under the Indemnity Agreement. As a result, the Surety demanded that no further payments be made by the Obligees to Hassell (or to anyone else) on the Projects, which is based on the stakeholder duty of the Obligees to protect the contract balances on the Projects. True and correct copies of the letters sent to the Obligees are attached hereto as Exhibit C and are incorporated by reference in their entirety.

22. Over the next several months, the Surety communicated with the Obligees and its counsel to discuss payment of the contract balances on the Projects. The Surety suggested several different agreements given that the Obligees requested that the Surety address payment bond claims and performance obligations of Hassell.

23. The Obligees refused to enter into any agreement, despite expecting the Surety to resolve all claims/liens and coordinate completion of the Projects.

24. On January 30, 2019, the Surety sent a formal demand to the Obligees for payment of the Contract Balances on the Projects. True and correct copies of these letters are attached hereto as Exhibit D and are incorporated by reference in their entirety.

25. Presently, the Obligees are holding the following balances on the Contracts:

- Heron's Landing Project – $282,318.25
- Lone Trail Project – $183,849.30

- Marlow Lakes Project – $120,813.79

(collectively, the "Contract Balances").

26. Despite demand, the Obligees have refused to pay the Contract Balances to the Surety.

### D. Conditions Precedent

27. All conditions precedent to recovery by the Surety from Binnacle has occurred or has been performed.

28. All conditions precedent to recovery by the Surety from Lone Trail has occurred or has been performed.

29. All conditions precedent to recovery by the Surety from SSLT has occurred or has been performed.

## V.
## CAUSES OF ACTION

### Count I
### Breach of Contract by Binnacle

30. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29.

31. Binnacle breached the contract on the Heron's Landing Project by, among other things, failing to pay the Surety sums due under that contract.

### Count II
### Breach of Contract by Lone Trail

32. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29.

33. Lone Trail breached the contract on the Lone Trail Project by, among other things, failing to pay the Surety sums due under that contract.

## Count III
### Breach of Contract by SSLT

34. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29.

35. SSLT breached the contract on the Marlow Lakes Project by, among other things, failing to pay the Surety sums due under that contract.

## Count IV
### Equitable Subrogation – Binnacle, Lone Trail, and SSLT

36. The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 29.

37. Following Hassell's failure to perform all obligations under the under the Contracts, the Surety incurred losses on the Bonds.

38. Accordingly, the Surety has superior right to the Contract Balances on the Projects based on the doctrine of equitable subrogation.

## Count V
### Recovery of Attorneys' Fees and Expenses

39. The Surety is entitled to recover its attorneys' fees and expenses from the Obligees under the specific terms of the Contracts.

40. Additionally, and alternatively, the Obligees are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in bringing this Complaint under Section 38.001, et seq. of the Texas Civil Practice & Remedies Code.

## VI.
### REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, the Surety requests that the Obligees be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1. Judgment against Binnacle in the amount of the remaining contract balance on the Heron's Landing Project;

2. Judgement against Lone Trail in the amount of the remaining contract balance on the Lone Trail Project;

3. Judgment against SSLT in the amount of the remaining contract balance on the Marlow Lake Project;

4. Attorneys' fees and expenses;

5. Pre-judgment and post judgment interest at the maximum rate permissible at law or in equity;

6. Costs of court; and

7. Such other and further relief to which the Surety is justly entitled.

Dated: March 20, 2019                    Respectfully submitted,

**LANGLEY LLP**

By: */s/ Brandon K. Bains*
    Brandon K, Bains – Attorney in Charge
    State Bar No. 24050126
    Rachel Edwards
    State Bar No. 24101722
    1301 Solana Blvd.,
    Building 1, Suite 1545
    Westlake, TX 76262
    (214) 722-7171
    (214) 722-7161
    bbains@l-llp.com
    redwards@l-llp.com

**ATTORNEYS FOR THE HANOVER INSURANCE COMPANY**